JOURNAL ENTRY and OPINION
Appellant Cherry Dohar appeals from a jury verdict awarding appellees Rita Hastie and her husband $19,000 in damages stemming from an automobile accident. Dohar assigns the following as error for our review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN EXCLUDING EVIDENCE OF THE IMPACT TO THE VEHICLE IN WHICH PLAINTIFF-APPELLEE WAS A PASSENGER.
Within this assigned error, Dohar presents two queries: First, whether the trial court properly excluded photographs showing the resultant damage to the vehicle in which Hastie was riding at the time of the accident; and second, whether the trial court properly limited Dohar's closing argument by barring mention of the connection between the damage illustrated in the photographs and Hastie's alleged injuries. Having reviewed the record and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
At trial, the parties stipulated that on December 16, 1998 Dohar caused an automobile collision involving Dohar and Hastie. At the time of the accident, Hastie was a passenger in a car driven by her son's fiance, Karen Taylor. They were stopped at the intersection of Pearl and Fowler Road when the impact occurred. Initially, Rita Hastie did not sense she was injured; however, she later experienced neck, shoulder, and lower back pain for which she eventually received therapy.
At trial, the sole issue for determination was the extent of Hastie's physical injuries. In support of her defense, Dohar moved to introduce photographs revealing the minor damage to the vehicle in which Hastie was a passenger. The trial court denied the motion and concluded that Dohar had failed to introduce expert testimony connecting the minor damage to the automobile and Hastie's purported injuries. For this reason, the court ruled the photographs would be unduly prejudicial and denied Dohar's motion to introduce the photographs.
Decisions concerning the admissibility of photographs are within the sound discretion of the trial court, unless the trial court abuses its discretion.[1] For an abuse of discretion to exist, the fact-finder's result must be "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[2]
In excluding the photographs, the trial court stated:
 It is certainly an issue here. The nature and extent of the injuries, but the argument that I don't think the defendant has expert testimony on is that somehow one can correlate the physical damage of the automobile to the physical harm sustained by the organic human tissue inside. * * *.
The photographs were not offered solely to establish the degree of damage sustained by the car, but to show a correlation between the car's damage and Hastie's physical injuries. Hastie urges us to follow our decision in Morales v. Petitto,[3] where we affirmed the trial court's exclusion of photographs depicting an absence of damage to the exterior of plaintiff's automobile on grounds that the photographs were "highly prejudicial."
Similar to the case at hand, the defendant in Morales sought admission of photographs depicting negligible damage to the exterior of the car. Petitto's defense against Morales' claim of negligence was that this was a soft-tissue injury and the damage to Morales' car was minimal. The trial court excluded the exterior photographs on the grounds that the photographs did not accurately depict the full extent of damage to the car. The car's interior was considerably more damaged than its exterior. The trial court concluded the photographs did not accurately depict the car's damage, and thus were unduly prejudicial. We upheld the trial court's decision to exclude the photographs, noting that by introducing the photographs, Petitto was not only attempting to explain the extent of the damage but tacitly was trying to negate the extent of Morales' physical injury. We think the trial court in Morales v. Petitto was trying to avoid what we have in this case.
Although Morales focused on the extent of the damage to the car, the case does highlight the problem of a defense that seeks to negate the physical injury of the plaintiff by showing that the vehicle was not damaged or was only slightly damaged. Here, the trial court held that in order to postulate such a defense, Dohar would need an expert to draw a correlation between the damage to the vehicle and the physical injury sustained by Hastie. We agree with the trial court.
It is conceivable that a party in an accident could sustain injury to her person and at the same time suffer minimal damage to her vehicle. We would conclude that many factors exist as to why some individuals are more susceptible to injury. We clearly do not have the answers. However, an expert could shed considerable light on the issue.
This case is, however, limited to its facts. We are not saying that one would need an expert to show the extent of damage to the vehicle involved in the accident; clearly, that could be shown by various means. However, we are saying, when the defense seeks to minimize the injury to the plaintiff's person by showing minor injury to her car, an expert may be required. We believe the facts should dictate when an expert is needed, and the answer to the expert question should be resolved by the trial court as it is a discretionary matter.
Accordingly, we conclude that the trial court did not abuse its discretion.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., CONCURS; MICHAEL J. CORRIGAN, J., DISSENTS. (SEEATTACHED DISSENTING OPINION.)
[1] Morales v. Petitto, 2000 Ohio App. LEXIS 5228 (November 9, 2000), Cuyahoga App. Nos. 77326 and 77532, unreported, citing Brewer v. SkyClimber, Inc., 1984 Ohio App. LEXIS 10329 (June 14, 1984), Montgomery App. No. 8071, unreported. Reinoehl v. Trinity Universal Ins. Co. (1998),130 Ohio App.3d 186, 194, 719 N.E.2d 1000, 1006, discretionary appeal not allowed (1999), 84 Ohio St.3d 1505, 705 N.E.2d 1245, citing Fisher v.Univ. of Cincinnati Med. Ctr., 1998 Ohio App. LEXIS 3900 (Aug. 25, 1998), Franklin App. No. 98AP-142, unreported, discretionary appeal not allowed (1999), 84 Ohio St.3d 1469, 704 N.E.2d 578, following State v.Maurer (1984), 15 Ohio St.3d 239, 265, 473 N.E.2d 768, 791, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714, 86 L.Ed.2d 728. See, also,Lawson v. Bd. Of Edn. Of the Columbus City School Dist., 1996 Ohio App. LEXIS 3292 (August 1, 1996), Franklin App. No. 95APE11-1505, unreported, discretionary appeal not allowed (1996), 77 Ohio St.3d 1494,673 N.E.2d 150.
[2] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3.
[3] 2000 Ohio App. LEXIS 5228 (November 9, 2000), Cuyahoga App. Nos. 77326 and 77532.